| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT | RETURN DATE:   AUGUST 2, 2023 |
| SOUTHERN DISTRICT OF NEW YORK | TIME:   10:00 A.M. |

-----------------------------------------------------------X

In Re:                                                                    Chapter 11

Parkchester Oral and Maxillofacial Surgery          Case No. 23-11015-mew
Associates, P.C.,

         Debtor.                                          Objection

-----------------------------------------------------------X

        Parkchester Oral and Maxillofacial Surgery Associates, P.C. (the "Debtor" or
"Debtor-in-Possession"), by its attorneys, Weinberg, Gross & Pergament LLP, as and for its objection
to the Motion of the United States Trustee for the appointment of a patient care ombudsman under
Section 333(a)(1) of the Bankruptcy Code (the "Motion"), responds as follows:

        1.      On June 28, 2023, the Debtor filed a voluntary petition for relief under
Chapter 11 of the Bankruptcy Code and remains in management and possession of its properties
and affairs.

        2.      No trustee, hearing examiner, or unsecured creditors committee has been
appointed or formed in this case.

        3.      For the reasons set forth herein, this Court should deny the Motion or, in the
alternative, either: (a) permit the Debtor to self-report via an affidavit by Dr. Marlon Moore, the sole
shareholder and president of the Debtor; or (b) cap the fees chargeable by the patient care ombudsman
("Ombudsman") at $3,500.00.

        4.      In its bankruptcy filing, the Debtor checked the box indicating that it is a
"healthcare business," although, as reflected in the Petition, it is unclear whether this Debtor qualifies
as such.

5.      The Debtor, through its sole dental surgeon, Dr. Marlon Moore, operates a dental surgical practice in the Bronx, New York. The practice has operated for more than thirty (30) years in the same location.

6.      The Debtor's procedures typically involve the removal of teeth and/or insertion of dental implants. The Debtor does not have patients who remain in the facility overnight,

7.      The Motion does not set forth any special basis for the need for the appointment of an Ombudsman in this circumstance.

8.      In the very recent decision of *In re Sameh H. Aknouk, Dental Servs., P.C.*, 648 B.R. 755 (Bankr. S.D.N.Y. March 3, 2023), 2-11651, Chief Judge Glenn held that while the debtor dental practice qualified as a healthcare business under Section 333, the appointment of a patient services ombudsman was not necessary. In so holding, Chief Judge Glenn reviewed Section 333 and its statutory history, together with the factors enumerated in *In re Valley Health Sys.*, 381 B.R. 756, 758 (Bankr. C.D. Ca. 2008) and made the determination that the appointment of an Ombudsman was not necessary for the protection of patients under the specific facts of that case.

9.      As in *Aknouk*, "a patient care ombudsman is not necessary for the protection of patients under the specific facts of the case." *Aknouk*, 648 B.R. at 764.

10.     Critically, this Bankruptcy Petition was filed due to the Debtor's failure to fully satisfy its obligation to TD Bank with respect to a loan that was given by TD Bank in April 2014. At the time of the commencement of the lawsuit by TD Bank in October 2023, the Debtor was in arrears for only four (4) payments and was ready, willing and able to fully satisfy that debt if TD Bank agreed to give the Debtor time. After the Debtor submitted its full financials, TD Bank declined Debtor's request for an extension.

11.     The Debtor's bankruptcy filing was not in any way related to any patient care issues and was a result of financial difficulties arising from the impact of the COVID-19 virus. The Debtor, for more than eighteen (18) months, experienced a substantial decline in its revenues, as patients interested in elective procedures did not seek the services of the Debtor, reducing the available cashflow for the business. Thus, the *Valley Heath* factor 1, cause of bankruptcy, weighs against the appointment of an ombudsman.

12.     The Debtor, and the dentist employed by the Debtor, are all subject to New York State licensing rules and regulations, and the Debtor is up-to-date with licenses and has full malpractice insurance. Thus, the *Valley Health* factor 2, the presence and role of licensing, weighs against the appointment of an ombudsman.

13.     There is no history in this case of any compromised patient care or rights. To the contrary, the Debtor has operated for more than thirty (30) years in good standing with New York State and the agencies responsible for overseeing medical care. In this regard, the Debtor's patients are fully informed about their procedures and their rights and have avenues both within and outside the Debtor's organization to voice questions or concerns if any exist. Thus, the *Valley Health* factors 3 and 4, the Debtor's history of patient care and the ability of patients to protect their rights, weigh against the appointment of an ombudsman.

14.     The Debtor is entirely an outpatient facility, so *Valley Health* factor 5, the patients' level of dependency on the Debtor, weighs in the Debtor's favor. *See Aknouk*, 648 B.R. at 765 ("Courts have found a low level of dependency, where, as here, a debtor's services are easily found at numerous other dental offices.")

15.     *Valley Health* factors 6 and 7 also weigh against the appointment of an ombudsman, as "[t]here is a low likelihood of tension between the interests of the patients and the

3

Debtor because the Debtor did not file bankruptcy because of deficient patient care or an inability to pay vendors and suppliers who are critical to patient care." *Aknouk*, 648 B.R. at 765

16.    The final *Valley Health* factor, the impact of the cost of an ombudsman on the likelihood of a successful reorganization, also weighs in the Debtor's favor.  As stated in *Aknouk*, "[t]he additional cost of a Patient Care Ombudsman could eat into these small margins and be the difference between a cash flow positive and negative business." *Aknouk*, 648 B.R. at 765.

17.    For these reasons, the Debtor requests that this Court deny the Motion.  As an added safeguard, if the Court deems necessary, Dr. Moore is prepared to self-report by affidavit, on a monthly or quarterly basis, regarding the status of care being provided by the Debtor.

WHEREFORE, it is respectfully requested that this honorable Court deny the motion of the Office of the United States Trustee and grant such other and further relief as this Court deems just and proper.

Dated: Garden City, New York
       July 24, 2023

Weinberg, Gross & Pergament LLP
Attorneys for Debtor and Debtor-in-Possession

By:    _____
       Marc A. Pergament
       400 Garden City Plaza, Suite 309
       Garden City, New York  11530
       (516) 877-2424